1 F.3d 1252
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 MARQUIP, INC., Plaintiff-Appellee,
v.
GEO. M. MARTIN COMPANY, Defendant-Appellant.
 No. 92-1270.
 United States Court of Appeals, Federal Circuit.
 June 15, 1993.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined Aug. 16, 1993.
 
 Before RICH, ARCHER, Circuit Judges, and CURTIN, District Judge.[1]
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Geo. M. Martin Company (Martin) appeals from the March 2, 1992 orders of the Northern District of California which, inter alia, (1) denied Martin's motion to amend its answer to plead the invalidity (obviousness under 35 U.S.C. Sec. 103) of U.S. Patent No. 4,273,325 issued to Rodewald (Rodewald patent) and (2) enjoined Martin from infringing the Rodewald patent. Martin also appeals from the order of May 7, 1991, granting summary judgment to Marquip, Inc. that Martin infringed the Rodewald patent. We affirm.
 
 DISCUSSION
 
 2
 A. Martin contends that the district court abused its discretion when it denied Martin's motion to amend its answer to allege that the Rodewald patent is invalid. We review for abuse of discretion the district court's decision to deny leave to amend after a responsive pleading has been filed. Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir.1991).
 
 
 3
 Under the Federal Rules, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This strong policy favoring leave to amend, however, is tempered with considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).
 
 
 4
 In exercising its discretion, the district court properly considered that Martin waited nearly three years before filing its motion for leave to amend its answer; that Martin's answer admitted the validity of the Rodewald patent; that Martin once amended its answer without pleading the invalidity of the Rodewald patent; that the patent issues, including the question of infringement of the Rodewald patent by Martin, had been referred with the consent of the parties to a special master for findings, which the special master made, see infra; that the motion to amend was made in response to Marquip's potentially dispositive motion for summary judgment, and that Marquip would be prejudiced because it has devoted substantial resources to litigating the case before the special master and the court. The timing of Martin's motion, which was not made until all of these proceedings and events had occurred, weighs heavily against allowing Martin leave to amend. See Schlacter-Jones, 936 F.2d at 443. A motion for leave to amend is not a vehicle to circumvent summary judgment, id., and is not appropriately granted if it causes undue delay or prejudice, see Foman, 371 U.S. at 182. In light of the district court's findings, we are not persuaded that it abused its discretion.
 
 
 5
 B. Marquip and Martin agreed to an order appointing a special master "to make the special findings of fact necessary for the resolution of the pending motions." The parties further agreed that the findings of fact made by the special master would be reviewed under the clearly erroneous standard. The district court presented the special master with eight questions on which to make findings--two pertained to Martin's alleged infringement of the Rodewald patent and the others related to the validity, enforceability and infringement of a second patent.
 
 
 6
 The special master's findings on the two Rodewald patent infringement questions were unfavorable to Martin. After Martin filed objections, the district court submitted three more questions pertaining to the findings of infringement of the Rodewald patent to the special master. The special master's conclusions on these three questions also were unfavorable to Martin.
 
 
 7
 Martin now argues that the district court's grant of summary judgment of infringement to Marquip based on the findings made by the special master was improper and that Martin was denied the right to have the facts relating to infringement tried to a jury. Because Martin agreed to the order appointing a special master, Martin is bound its terms. Therefore, Martin waived any right to contest the special master's findings on the infringement of the Rodewald patent except under a clearly erroneous standard. See Constant v. Advanced Micro-Devices, Inc., 848 F.2d 1560, 1566, 7 USPQ2d 1057, 1061 (Fed.Cir.1988). Because Martin has not argued that the special master's findings are clearly erroneous and we discern no clear error in this record, the judgment of infringement is affirmed.
 
 
 8
 C. Martin contends further that the injunction is impermissibly broad because it does not identify with specificity the equipment that Martin is enjoined from making and that it enjoins the use of leaf spring stackers which were not adjudicated. Martin's contentions are unpersuasive. The injunction specifically enjoins systems containing alignment devices which infringe the Rodewald patent and by reference to confidential documents it identifies components by assembly number. Further, the leaf springs were considered by the special master to be "essentially identical" to the device in the Rodewald patent.
 
 
 9
 D. Marquip alleges in a short, conclusory paragraph in its brief that Martin's appeal is frivolous because "Martin has distorted the record, and ... suppress[ed] its admission of infringement." However, a conclusory charge of frivolousness borders on, and may itself be, frivolous. As this court has indicated, an assertion that an appeal is frivolous is a serious allegation and should be accompanied by citation to the opposing brief and the record below, and a clear argument as to why the citations establish the allegedly frivolous nature of the appeal. Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 863, 20 USPQ2d 1252, 1263 (Fed.Cir.1991). Suffice it to say in this case that Marquip's conclusory allegation fails to demonstrate that Martin's appeal is frivolous. Id.
 
 
 
 [1]
 Hon. John T. Curtin, District Judge, Western District of New York, sitting by designation